UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINH NHAT PHAN,<br><br>          Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>          Respondent. | Case No.: 3:25-cv-02422-RBM-MSB<br><br>**ORDER TO SHOW CAUSE AND GRANTING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. 3]** |

  On September 16, 2025, Petitioner Minh Nhat Phan ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) In his Petition, Petitioner claims that he is being detained by Immigration and Customs Enforcement ("ICE") in violation of Judge Keep's order in *Nguyen v. Fasano*, Case No. 99-cv-1885-K, ECF No. 10 (S.D. Cal. Feb. 28, 2000); the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001); and the Fifth Amendment, among other applicable rules and regulations. (*Id.* at 1–3, 7–16, 20–21.[1]) Petitioner also claims that ICE may not remove him to a third country without adequate notice and an opportunity to be heard. (*Id.*

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

1  at 16–20.)  Finally, Petitioner asserts that he had a heart attack late last year and takes 11
2  medications to control his cardiovascular condition.  (*Id.* at 4.)  Petitioner asserts that, since
3  he has been in ICE custody, he has not received all of these medications, putting his health
4  at risk.  (*Id.*)  Petitioner also asserts that he is scheduled for surgery on September 25th to
5  remove tumors on his neck, but he does not know whether the Otay Mesa Detention Facility
6  will take him to the surgery.  (*Id.* at 4; *see also* Doc. 2 at 5.)

7        The same day, Petitioner filed a Notice of Motion and Memorandum of Law in
8  Support of a Temporary Restraining Order ("TRO") "(1) reinstating Petitioner's release on
9  supervision and (2) prohibiting the government from removing him to a third country
10 without an opportunity to file a motion to reopen with an [Immigration Judge]."  (Doc. 2
11 at 2.)  Petitioner's TRO repeats the allegations from his Petition.  (*See id.* at 4–8.)  Petitioner
12 then argues that he meets the requirements for TRO relief, including a likelihood of success
13 on the merits and irreparable harm.  (*Id.* at 8–17.)

14       Petitioner also filed a Motion for Appointment of Counsel.  (Doc. 3.)  Petitioner
15 moves this Court to appoint Federal Defenders of San Diego, Inc. as counsel for Petitioner.
16 (*Id.* at 1.)  Petitioner asserts that he has a strong claim for release under *Zadvydas v. Davis*,
17 533 U.S. 678 (2001) but that *Zadvydas* cases are complex and often require an evidentiary
18 hearing.  (*Id.* at 1–2.)  Petitioner therefore asserts the Federal Defenders of San Diego, Inc.
19 "is routinely appointed to represent immigrants in bringing *Zadvydas* claims."  (*Id.* at 2.)

## I. **ORDER TO SHOW CAUSE**

21 Having reviewed the Petition and the accompanying TRO, the Court finds summary
22 dismissal of the Petition and the accompanying TRO is unwarranted at this time.  *See*
23 *Kourteva v. I.N.S.*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is
24 appropriate only where the allegations in the petition are vague or conclusory, palpably
25 incredible, or patently frivolous or false.") (citation omitted).

26 Accordingly, Respondents are **ORDERED TO SHOW CAUSE** no later than
27 **Tuesday, September 23, 2025** why the Petition and the accompanying TRO should not be
28 granted by: (1) filing a written return; (2) filing copies of all documents, orders, and

transcripts relevant to the Petition; and (3) filing a memorandum of law and fact fully stating Respondents' position and making a recommendation regarding the need for an evidentiary hearing on the Petition. Respondents must also address Petitioner's seemingly urgent medical needs. If Petitioner wishes to reply to the return, he may do so by way of a traverse filed no later than **Friday, September 26, 2025**. Unless the Court orders otherwise, this matter thereafter will be taken under submission and decided on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL TRANSMIT** to the United States Attorneys' Office a copy of the Petition (Doc. 1), the TRO (Doc. 2), and the Motion for Appointment of Counsel (Doc. 3), and this Order.

## II.   MOTION FOR APPOINTMENT OF COUNSEL

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who … (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted). The appointment of counsel is then left to the sound discretion of the magistrate judge or the District Court. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).

Having reviewed the Petition, the TRO, and the Motion for Appointment of Counsel, the Court **GRANTS** Petitioner's Motion for Appointment of Counsel. Petitioner is correct that Federal Defenders of San Diego, Inc. is routinely appointed to represent immigrants in *Zadvydas* cases like this one. *See e.g.*, *Bui v. Warden of the Otay Mesa Detention Facility*, Case No. 3:25-cv-02111-JES-DEB, ECF No. 7 (S.D. Cal. Sept. 11, 2025); *Hersi v. Mayorkas*, Case No. 3:24-cv-0299-JES-DDL, ECF No. 8, (S.D. Cal. April 8, 2024); *Severino-Zuniga v. Att'y Gen.*, Case No.: 17-cv-0529-AJB-KSC, 2017 WL 9916027, at *2 (S.D. Cal. July 6, 2017); *Chen v. Napolitano*, No. 09cv563-IEG-NLS, 2009 WL 857628,

at *1 (S.D. Cal. Mar. 27, 2009); *Tran Cam Liu v. Chertoff*, Civil No. 07CV1654 JAH (RBB), 2007 WL 2429754, at *3 (S.D. Cal. Aug. 24, 2007); *Castrillon v. Dep't of Homeland Sec.*, CASE NO. 05CV1552-BEN (NLS), 2006 WL 8448314, at *2 (S.D. Cal. Jan. 31, 2006).

**IT IS SO ORDERED.**

DATE: September 18, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE